# SHECKELLS v. SHECKELLS.

---

EQUITY; PLEADING; APPEAL AND ERROR; VERIFIED PLEADINGS; EVIDENCE; BURDEN OF PROOF; DIVORCE; FRAUDULENT CONVEYANCE; DOWER; ALIMONY.

1. Where the material allegations of a bill of complaint are denied in the answer, and the hearing is sought by a complainant upon the bill and answer, it must be a very unusual case where the court will do otherwise than dismiss the bill in accordance with the fundamental rules of equity procedure. (Following *Bohrer* v. *Otterback*, 2 App. D. C. 78, and citing *Arnold* v. *Carter*, 19 App. D. C. 259.)

2. A recital in a decree, that the cause was submitted upon supplemental bill and answers thereto which deny the material allegations of the bill, will not be strictly construed on appeal to this court, so as to warrant a dismissal of the bill, where there was a replication to the answers, and a statement of the evidence upon the hearing upon the original bill has been certified to, and it does not appear affirmatively that the cause was set down for hearing by the plaintiff upon the bill and answers.

3. Sworn answers responsive to the allegations of a bill in equity are evidence for the defendant, and as such will prevail unless overcome by the testimony of two witnesses, or the testimony of one witness coupled with clear corroborating circumstances. (Following *McCartney* v. *Fletcher*, 10 App. D. C. 573.)

4. A wife who, incidentally to her suit for divorce, attacks as fraudulent against her the husband's execution of a bill of sale of his interest in his deceased father's personal estate, has the burden of proving a fraudulent intent, where the bill of sale was dated, and for anything that appears was executed, a year before the bringing of the

suit for divorce, and the husband executed the same, in common with his sisters, for the purpose of carrying out the father's wishes expressed in an intended testamentary paper which, for want of proper execution and attestation, did not have the force of a will.

5. A husband's deed of his interest in his deceased father's real estate must be signed by the wife in order to bar her dower, but her signature is not necessary to his assignment of his interest in the personal estate.

6. The fact that a husband's transfer of his rights in his deceased father's personal estate has not been recorded is not, where the transferee was in actual possession of the property, important in a suit by the wife, incidentally to her suit for divorce, to have the same set aside upon the ground that it was executed pending the suit for divorce and dated back.

7. An abstract of the evidence which includes testimony of the husband that he remembered signing only deeds of real estate, taken on a hearing of a wife's bill to obtain a divorce and to set aside, as in fraud of her rights, the husband's conveyance to his mother of his interest in his deceased father's real estate, is of little importance on the hearing of a supplemental bill filed by the wife to set aside a bill of sale by the husband to his mother of his interest in the decedent's personal estate, upon the ground that it was executed pending the divorce suit and dated back, where the approved account of the administratrix, the mother, which was filed as an exhibit to the answer to the original bill, and which showed her retention as assignee of the husband's distributive share, and which · was supported by the bill of sale,—was not attacked by amendment to the original bill, since in such circumstances, the bill of sale or the evidence relating thereto was not relevant to the issues involved in the original hearing.

8. The evidential force of specific denials in sworn answers, that a husband, in assigning personal property to his mother, was actuated by a desire to render the same unavailable in possible future proceedings for alimony, as alleged in the wife's supplemental bill to set the same aside as having been made and dated back pending her original bill filed to obtain a divorce, which has been granted, and to set aside a deed of real estate from the husband to his mother,—is not overcome by the facts that, on the hearing of the original bill, the husband's counsel reserved the right to offer the assignment in evidence, but failed to do so, and evidence that for a year or more before the assignment quarrels had occurred between the husband and wife, where two days after the assignment the wife voluntarily joined in the deed of real estate, and it appears that both the deed and the assignment were made to respect the father's wishes as expressed

in an intended testamentary instrument not legally executed and attested.

No. 2613.  Submitted March 2, 1914.  Decided April 6, 1914.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia dismissing her supplemental bill filed to set aside a certain bill of sale, and subject the proceeds thereof to the payment of alimony which had been awarded her in the original proceeding for a divorce.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

The original bill in this case was filed by Blanche R. Sheckells, appellant, January 2, 1912.  She alleged that she had been lawfully married to John E. Sheckells July 6, 1905.  They cohabited as husband and wife until February 13, 1911, when defendant abandoned her.  Two children, girls, were born to them.  That defendant committed adultery December 18, 1911, with a corespondent named, and at other dates and places named. That defendant is the son of John E. Sheckells, who died intestate April 13, 1910, and Lena Sheckells is the administratrix of his estate.  That the personal estate of intestate consists of $11,147 in cash; ten shares of the capital stock of the Ontario apartment house, worth $1,000, and one half of a promissory note for $8,400, secured by second deed of trust on the Victoria apartment house.  That this is subject to distribution to the widow, Lena Sheckells, and to defendant, John E. Sheckells, and his four sisters.  That intestate died seized of real estate of the value of $17,500, subject to a deed of trust for $4,500, and, as tenant in common with one George Zellers, of real estate worth $30,000, subject to a trust for $13,000.  That on June 2, 1910, plaintiff was induced by her husband to join with him and his sisters in executing a deed conveying to Lena Sheckells all of the real property in which they might have an interest. That in signing said deed she was led to believe that it had

reference only to the partnership property in which intestate
was interested with Zellers, and was for the purpose of enabling
Lena Sheckells to convey the same to Zellers, who had agreed to
purchase it. That the sole object in procuring this deed was to
prevent plaintiff from ever claiming an interest therein. That
Lena Sheckells is holding said property in trust with a secret
understanding that all of the said heirs of intestate shall share
equally in the proceeds when sold; and full discovery thereof is
demanded. That defendant Lena Sheckells, as administratrix,
has procured an order of the probate court authorizing her to
sell to said Zellers the one-half interest in the partnership assets
for $7,776; but there is no record of the consummation of such
sale; and discovery thereof is demanded. That if the said
Lena is allowed to pay any sum to John E. Sheckells, he will
waste the same without providing for plaintiff.

The prayers are for divorce, custody of the children, alimony,
and counsel fees, and for an order restraining Lena Sheckells
from paying any sum to John E. Sheckells on account of his
distributive share in the estate of the intestate. Defendant
answered the bill denying the allegations thereof. Lena Sheck-
ells answered. She avers that she has no knowledge of any
representations made by her son to induce plaintiff to execute
the said deed. That it was the intention of intestate to leave
his entire estate to her, and he left a signed statement to that
effect, which, however, was not so attested as to make it a valid
will. That said conveyance was made for the purpose of carry-
ing into effect the wishes of intestate; and there is no secret
understanding or agreement with her said children, or any one
of them, with respect to the disposition of said property. That
she is the absolute and unconditional owner thereof. That as
administratrix she has sold intestate's one-half interest in the
assets of the partnership with Zellers. That she has never paid
defendant, John E. Sheckells, any sum whatever on account of
his distributive share of intestate's estate, and since the exe-
cution of the deed referred to in the bill "he has had, and has
now, no interest in said estate." She filed as an exhibit her

approved account as administratrix, which shows receipts and disbursements.

The account shows a sum subject to distribution of $12,-578.09. The distributive share of each child is $1,935.10. Of this one distributive share is credited to an infant child of intestate; and she credits herself with the remainder as widow, and assignee of the remaining children.

Testimony was taken, and on December 4, 1912, a decree was rendered, granting plaintiff an absolute divorce with the custody of her infant children. Alimony to the amount of $1,200, additional alimony of $30 per month, and counsel fees, were decreed to plaintiff. It was further ordered that the cause be retained for the entry of such further orders and decrees as may be necessary in the premises.

On December 9, 1912, plaintiff filed a supplemental bill alleging the decree aforesaid, and further charges that on July 3, 1912, during the pendency of this cause, and after all the testimony had been taken, defendant Lena Sheckells filed in the probate court a paper writing bearing date May 31, 1910, which on its face purports to be a bill of sale, acknowledged by defendant John E. Sheckells, conveying all interest he might have in the personal estate of John E. Sheckells, deceased, to said Lena Sheckells. That the said distributive share is $1,-935.10, which she has distributed to herself under said assignment or bill of sale. That John E. Sheckells received no sufficient consideration for said assignment, and the said Lena Sheckells, in filing said assignment in the probate court and paying to herself said distributive share, committed a fraud against plaintiff and other creditors of John E. Sheckells. That the same was made with the purpose of enabling him to evade his legal responsibilities to plaintiff and her children. That when defendant John E. Sheckells testified on the former hearing, he stated that the only papers he had signed conveying an interest in his father's estate were a deed conveying his interest in certain partnership interest in real estate, and a deed conveying his interest in a house on Newton street. That the

answer of Lena Sheckells in said cause states that the conveyance to her by said John E. Sheckells of the partnership estate was the only conveyance by him. That the said bill of sale was not executed on May 31, 1910, but after the filing of her original bill of complaint and the answers thereto, and the same is a fraud upon plaintiff, for the purpose of preventing her from collecting alimony. That on May 17, 1912, at the conclusion of defendant's testimony, counsel for defendant stated: "I reserve the right to also file a certified copy of the bill of sale from the adult children of John E. Sheckells, deceased, to their mother." That defendants made no effort to introduce said paper, and plaintiff had no means of knowing its contents. That defendant purposely refrained from conveying to plaintiff any knowledge of the contents of said paper. That the purpose in withholding knowledge of said paper was to prevent plaintiff from taking the necessary steps to set aside the same prior to said distribution. That defendant has no legal title to any property against which execution for her award of alimony would run, and the bill of sale aforesaid should be set aside. As an exhibit to the bill is filed a copy of said bill of sale. It is signed by John E. Sheckells, Nellie E. and Grace Sheckells; bears date May 31, 1910, and is attested by Horace E. George, whose official certificate as notary public bears the same date.

The prayers are that said bill of sale be set aside; that Lena Sheckells be ordered to pay over said distributive share of John E. Sheckells to a receiver to be appointed; and that so much of said sum as may be necessary be applied to the payment of costs, alimony, etc., decreed to plaintiff.

The defendants answered the supplemental bill under oath, denying the allegations thereof relating to the bill of sale, its date, and the purpose of its execution. The decree June 9, 1913, recites that, "this cause having come on for consideration by the court upon the supplemental bill and the answer of the defendants thereto," the same is dismissed with costs. The appeal is from this decree. No testimony was taken in

support of either bill or answer.    But the bill of exceptions recites that it contains a "digest of portions of evidence under original bill of complaint material to bearing on supplemental bill of complaint, and to which reference is made in said supplemental bill."

It appears from this digest of the evidence given May 14 and 15, 1912, on the hearing of the original bill, that defendant John E. Sheckells testified that he had no interest in his father's estate.    In reply to a question if he joined his wife in the deed there before the court, he said, "Yes."    In answer to a question what he told his wife about that deed, he said: "After my father's death I told my wife I was going over to hear the will read, and when I got to the house a piece of paper was in an envelop and was handed to Mr. Burkhart and we found out it wasn't any will; it was just a piece of paper leaving everything to mother; so all my sisters and myself, to carry out my father's wishes by law, we signed this paper conveying our shares, as we were entitled to, as I understand by law, over to my mother."    Contents of paper were objected to by plaintiff, and not proved.    Asked to limit himself to what he said to his wife about her signing the paper executed by her, he said he told her that a notary would ask her to come to his office to sign; the purpose of it being to carry out his father's wishes. Did not say the paper would only affect the interest in the firm of Zellers & Company.    The only paper that he remembered signing was the deed in which his wife joined, and one more he thinks for a house in Newton street.    At the conclusion of this evidence, counsel for defendants reserved the right to offer a copy of the bill of sale from the adult children of John E. Sheckells, deceased, to their mother.    Other testimony of said defendant was that during 1908, 1909, and until summer of 1910, he and his wife had had quarrels and differences.    The notary public who took plaintiff's acknowledgment of the deed referred to in her original bill testified that she said she knew all about it when he told her it was a deed transferring all the interest of the children in the property of the father to the

mother. Did not tell her that it conveyed only the property interest of Zellers & Company. Told her it was the property that belonged to Mr. Sheckells, and the children were transferring it to her to do with as she pleased.

*Mr. J. S. Easby-Smith* and *Mr. Ralph B. Fleharty* for the appellant.

*Mr. Henry E. Davis* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

If the recital in the decree that the cause was submitted upon supplemental bill and the answers thereto which deny the material allegations of the bill be strictly construed, it would seem that no other decree than that dismissing the bill could have been rendered.

"When the material allegations of a petition are all denied in the answer to it, and a hearing is sought by the petitioner upon the petition and answer, it must be a very unusual case where the court will do otherwise than dismiss the petition. A dismissal is what is required by the fundamental rules of equity procedure." *Bohrer* v. *Otterback,* 2 App. D. C. 78, 79; see also *Arnold* v. *Carter,* 19 App. D. C. 259, 264.

In view of the facts that there was a replication to the answers, that a statement of evidence has been certified to, and that it does not appear affirmatively that the cause was set down for hearing, by the plaintiff, upon the bill and answers, the recital will not be strictly construed.

It remains then to consider the pleadings and evidence which have been recited. As the sworn answers are responsive to the allegations of the bill, they are evidence for the defendants, and as evidence will prevail unless overcome by the testimony of two witnesses, or of one witness and clear corroborating circumstances. *McCartney* v. *Fletcher,* 10 App. D. C. 572, 599.

It was therefore incumbent upon the plaintiff to overcome the specific sworn denials of the defendants. Assuming, for the sake of the argument, that by virtue of her rights as a wife antecedent to any suit for divorce, that she would have the right to attack the bill of sale, the burden is upon her to prove the fraudulent intent of the parties in the execution of that instrument. The bill of sale is dated nearly a year before the bringing of the suit for divorce. In common with his adult sisters, he executed the bill of sale, as well as the deed attacked in the original bill, to carry out, as alleged, the wishes of the father, who had failed to have the same executed and attested as by law required to give his written request the force of a valid will.

The wife's signature to the deed was necessary to bar any dower interest that she might have; but was not necessary to the assignment of the interest in the personal estate. The latter instrument preceded by two days the execution of the deed by the wife. We see no reason to doubt that it was actually executed on the date it bears. As the property was in the actual possession of the transferee, it was not important to the interest of anyone that it be recorded as a transfer of property.

It was properly presented to the probate court in support of the account of the administratrix, whose rights to retain and have credit for the shares of the signers of the same depended upon it. This account on file as an exhibit to the answers of the original bill showed the retention by the administratrix, as assignee, of the distributive shares of all the next of kin save one, who was an infant. It was not attacked by amendment to the original bill. For this reason little or no importance is to be given to the abstract of evidence on the former hearing. The bill of sale, or evidence relating thereto, was not relevant to the issues then on hearing.

Counsel for defendants gave notice of his reservation of the right to offer the instrument in evidence before the conclusion of the hearing. It was not offered, presumably, because of its irrelevancy.

The testimony on the former hearing used in this hearing

shows that for a year or more prior to the assignment there had been some quarrels between the husband and wife, but it is to be inferred from her voluntary signature to the deed two days after the bill of sale had been executed, that their relations were then more amicable to some extent, at least. It certainly does not appear that divorce proceedings were then actually contemplated by either.

The fact raises, then, no more than a suspicion that defendant, in recognizing his moral obligation to carry out his deceased father's wishes, was really actuated by the desire to put the property beyond the reach of his wife in a possible future proceeding for alimony. Suspicion, however, is not proof.

The evidence relied on was not sufficient to overcome the specific denials of the answers; and the equity court committed no error in dismissing the supplemental bill.

The decree is affirmed without the award of costs.

*Affirmed.*